UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 18-32068 |
| MELISSA LOU JOY | ) | |
| | ) | |
| Debtor | ) | |

| | | |
|---|---|---|
| EMC INSURANCE COMPANIES | ) | |
| And | ) | |
| SUPERIOR MAINTENANCE COMPANY | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | A.P. Case No. 18-_____ |
| | ) | |
| | ) | |
| MELISSA LOU JOY | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT OBJECTING TO DISCHARGE
AND DISCHARGABILITY OF DEBT**

The complaint of Plaintiffs, EMC Insurance Companies (EMC) and Superior Maintenance Company, in this Chapter 7 proceeding, respectfully represent:

1.    This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 (1), (4), and (6) and section and 548 of title 11, United States Code.

2.    Jurisdiction of this court is based upon 28 U.S.C. Sections 157 and 1334(b), in that the proceeding arises under title 11, United States Code. This is a core proceeding which this Court may hear and determine pursuant to Section 157(b) of Title 28 of the United States Code.

3.    This adversary proceeding relates to the bankruptcy case of In Re: Melissa Lou Joy, Case No. 18-32086, presently pending in the United States Bankruptcy Court for the Western District of Kentucky.

4.      On July 3, 2018, a petition for relief under chapter 7 of Title 11, United States Code, was filed by the above-named Debtor.

5.      The Defendant intends to avoid payment of the indebtedness owed to the Plaintiffs by having it discharged in bankruptcy.

6.      Plaintiffs, EMC Insurance Company and Superior Maintenance Company object to the discharge of the debt owed to them by debtor, Melissa Lou Joy and further object to the discharge of the debtors.

7.      The Plaintiff, EMC Insurance Company, (hereinafter, EMC), whose principle address is 717 Mulberry, Des Moines, IA 50309, is lawfully licensed to do business in the State.

8.      Superior Maintenance Company (hereinafter, SMC), whose principle address is 141 Howell Drive, Elizabethtown, KY 42701, is a Kentucky corporation in good standing.

9.      SMC procured and had in effect, insurance coverage through a policy issued by EMC.

10.     Defendant in this case is Melissa Lou Joy, having an address of, 602 Sunrise Lane, Elizabethtown, KY  42701 (hereinafter, Debtor).

11.     On or about January 1, 2000, SMC and Debtor entered into an agreement (hereinafter the "Agreement") whereby SMC contracted Debtor to be Accounts Receivable/ Accounts Payable Coordinator for SMC's business.

12.     Debtor, in her role as an Accounts Receivable/ Accounts Payable Coordinator, had access privileges for use of SMC's accounting software.

13.     It was the duty and responsibility of Debtor, in her role as an Accounts Payable Coordinator, to generate payment on invoices received from Vendors, who provided goods or services to SMC.

14.     Debtor, in her process to pay Vendor invoices would generate payments through SMC's accounting software, and assign a check number to process and issue payment.

15.     Debtor, without privilege or right to do so, and without SMC's consent, unlawfully and fraudulently, did generate fake or 'dummy invoices' for various Vendors in SMC's accounting software, then assign a check number to issue payment.

16.     Debtor, did without privilege or right to do so, and without SMC's consent, unlawfully and fraudulently changed the check Payee prior to printing the check, to payment for the benefit of Debtor then, after printing the check, change the Vendor Payee back to SMC's Vendor in SMC's accounting software.

17.     At the time of the embezzlement by Defendant complained of herein, the property that is the subject matter of this complaint was owned and in the actual or constructive possession of SMC.

18.     From year beginning 2016, or earlier, until April 20, 2018, the Debtor, without privilege or right to do so, and without Creditor's consent, unlawfully and fraudulently stole and embezzled a substantial sum of money in excess of the minimum jurisdictional limits of this Court.

19.     As a result of Debtor's willful act of fraudulently and unlawfully converting SMC funds for her personal use, SMC filed a claim for loss with their insurer and Creditor herein, EMC in the amount of $153,507.

20.     Creditor accepted SMC's claim, and paid $151,007, equaling the loss claim amount minus SMC's deductible of $2,500.00. (*See* copy of loss claim check paid by EMC, attached hereto as Exhibit A, and incorporated herein by reference.)

## 11 USC § 523. Exceptions to discharge

21.     The plaintiff adopts and incorporates the allegations of the foregoing paragraphs of the Complaint the same as if set out at length.

22.     11 U.S.C.A. § 523(a)(2)(A) provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

23.     The Defendant, without EMC's consent, used her role as an accounts payable employee for SMC to create false invoices by using names of established suppliers and vendors for SMC. And, upon an approval for payment, Defendant altered the payee name for payment of her personal credit card accounts, and then, finally altering the internal records to cover the alteration.

24.     The Debtor's discharge should not be granted pursuant to 11 U.S.C.A. § 523(a)(2)(A) as Debtor fraudulently converted SMC funds to her own use and benefit, without privilege or right to do so.

## 11 USC § 523. Exceptions to discharge

25.     The plaintiff adopts and incorporates the allegations of the foregoing paragraphs of the Complaint the same as if set out at length.

26.     11 U.S.C.A. § 523(a)(4) provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

27.     The Defendant, without SMC's consent, used her fiduciary capacity as an accounts payable employee for SMC to create false invoices and upon an approval for payment, Defendant embezzled these funds by altering the payee name for her personal use and benefit.

28.     The Debtor's discharge should not be granted pursuant to 11 U.S.C.A. § 523(a)(4) as Debtor embezzled SMC funds to her own use and benefit, without privilege or right to do so and has failed and refused to return such funds to the Creditor upon demand, and thereby unlawfully converted SMC's property to Defendant's own use.

**WHEREFORE**, Plaintiff requests judgment:

1.      Determining that Defendant's debt owed to Plaintiffs, EMC Insurance Company and Superior Maintenance Company, is non-dischargeable on the grounds of fraud, unlawful embezzlement and conversion for her own benefit and use;

2.      Under the provisions of 11 USC § 523; and

3.      for such other and further relief as is just.

Respectfully submitted this the 17th day of December, 2018.

> KERRICK BACHERT, PSC
> 2413 Ring Road, Suite 117
> Elizabethtown, KY  42701
> (270) 737-9088
>
>
>   */s/  Stephanie M. Livers*
> Stephanie M. Livers

5